IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHELLI F. ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-1333-CM |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This Kansas Consumer Protection Act case—removed to federal court based on diversity jurisdiction—is before the court on three motions: (1) Defendant's Motion to Dismiss (Doc. 9); (2) Plaintiff's Motion to Strike as Untimely Defendant's Motion to Dismiss (Doc. 12); and (3) Defendant's Motion for Leave to File Motion to Dismiss Out of Time (Doc. 15). Plaintiff asks the court to strike defendant's motion to dismiss because it was filed twelve days after the deadline to file motions to dismiss passed.

Under the court's Scheduling Order, any Rule 12(b)(6) motion was due by January 15, 2014. (Doc. 8 at 2.) This deadline passed without a motion being filed, which was no surprise to plaintiff— the parties stated in the Report of Parties' Planning Conference that "[a] motion to dismiss is not expected to be filed in this case." (Doc. 13-1 at 5.) Twelve days later, defendant filed its motion to dismiss without seeking leave to file out of time. Plaintiff moved to strike the motion, and defendant responded in part by seeking leave to file the motion out of time.

For good cause, the court may extend a deadline if a party requests an extension post-deadline and shows excusable neglect. Fed. R. Civ. P. 6(b)(1). Similarly, the court will amend a scheduling order for good cause. *See id.* 16(b)(4) (requiring good cause and the judge's consent for modification

-1-

of a schedule). And the Scheduling Order in this case provided, "This scheduling order will not be modified except by leave of court upon a showing of good cause." (Doc. 8 at 10.) The inquiry for the court, then, is whether defendant has shown good cause and excusable neglect.

Defendant initially did not provide a reason for the delinquency of its motion. Indeed, defendant filed the motion without seeking leave to do so. But once plaintiff pointed out the untimeliness of the filing, defendant explained that defense counsel had made a calendaring error. Defense counsel believed that the motion was due on January 25, 2014—which was a Saturday—making the motion effectively due on Monday, January 27, 2014. Counsel did not realize that the motion was late until plaintiff brought it to counsel's attention.

The court determines that defendant has shown both good cause and excusable neglect for filing the motion out of time. This case remains in the early stages, and the court discerns no prejudice to plaintiff (other than having to respond to the motion to dismiss). The delay was minimal, and the court finds that defendant acted in good faith. The motion to dismiss will be considered timely filed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike as Untimely Defendant's Motion to Dismiss (Doc. 12) is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Motion to Dismiss Out of Time (Doc. 15) is granted.

Dated this 11th day of April 2014, at Kansas City, Kansas.

                                            s/ Carlos Murguia
                                            **CARLOS MURGUIA**
                                            **United States District Judge**