IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHELLI F. ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-1333-CM |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff Shelli F. Rogers brings this case under the Kansas Consumer Protection Act ("KCPA"), claiming that defendant Bank of America, N.A. repeatedly violated the KCPA by using deceptive and unconscionable acts in conjunction with plaintiff's loan and mortgage. According to plaintiff, defendant solicited plaintiff to modify her loan, but then continually reassigned plaintiff's modification application to different representatives (for a total of twelve representatives in twenty-one months). Thirteen times, defendant unnecessarily requested updated financial information from plaintiff. And plaintiff alleges that defendant misrepresented that plaintiff's home was in foreclosure when it was not. Plaintiff claims that because of defendant's actions, plaintiff eventually was forced into bankruptcy.

Based on these allegations, plaintiff filed this case under the KCPA. Defendant moved to dismiss the action in its entirety (Doc. 9). Defendant claims that (1) the KCPA does not apply to loan modification requests; (2) even if the KCPA does apply, plaintiff failed to allege any deceptive or unconscionable acts or practices; (3) the handling of plaintiff's loan modification application was a single transaction—not a series of multiple events; and (4) at a minimum, some of plaintiff's claims are barred by the statute of limitations. The court considers each of these arguments in turn.

## I. Standard of Review

The court will grant a 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id*.

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). In reviewing the sufficiency of a complaint, the court determines whether the plaintiff is entitled to offer evidence to support her claims—not whether the plaintiff will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

## II. Discussion

### A. Does the KCPA apply?

First, defendant contends that plaintiff fails to state a claim because the KCPA does not apply under these factual circumstances. The KCPA applies to "consumer transactions." The Act defines a consumer transaction as "a sale, lease, assignment, or other disposition for value of property or services within this state . . . to a consumer; or a solicitation by a supplier with respect to any of these dispositions." Kan. Stat. Ann. § 50-624(c). Kansas courts interpret the KCPA broadly, *Stephan v.*

*Bhd. Bank & Trust Co.*, 649 P.2d 419, 422 (Kan. Ct. App. 1982) (citations omitted), in favor of protecting consumers, *see* Kan. Stat. Ann. § 50-623(b).

The court determines that the KCPA offers plaintiff an avenue for relief.  She is a consumer; defendant is a supplier; and the solicitation of a loan modification is a consumer transaction.  *Cf. Schneider v. Citibank, N.A.*, No. 13-4094-SAC, 2014 WL 219339, at *8–9 (D. Kan. Jan. 21, 2014) (holding that a grant of a mortgage and the servicing of the mortgage were consumer transactions).

Judge Robinson recently considered a similar case.  In *Shane v. CitiMortgage, Inc.*, a bank solicited a borrower to refinance a mortgage.  No. 11-2689-JAR, 2012 WL 3111730, at *2 (D. Kan. July 30, 2012).  The court held that the bank's actions could constitute a KCPA violation.  *Id.* at *3.  *But see Bowers v. Mortg. Elec. Reg. Sys., Inc.*, No. 10-4141-JTM, 2012 WL 4747162, at *16 (D. Kan. Oct. 4, 2012) ("[T]he communications between the Bowerses and Wells Fargo were financial communications relating to a mortgage obligation, and thus do not fall within the scope of the KCPA.").  This court agrees with the reasoning in *Shane*, and determines that the KCPA applies to plaintiff's claims as alleged.  The court denies this portion of defendant's motion.

### B.    Are plaintiff's allegations sufficient?

Second, defendant argues that even if the KCPA applies, plaintiff's allegations are insufficient to state a claim.  To state a claim under the KCPA, plaintiff has two avenues for supplier liability.  *See* Kan. Stat. Ann. § 50-623(b).  She may show that defendant engaged in deceptive acts or practices in connection with a consumer transaction.  *Id.* § 50-626(a).  Or, alternatively, she may show that defendant engaged in unconscionable acts or practices in connection with a consumer transaction.  *Id.* § 50-627(a).  The court therefore examines whether plaintiff has sufficiently alleged either of these KCPA violations.

### *1. Deceptive Acts and Practices*

Under the KCPA's prohibition of deceptive acts and practices, suppliers may not (1) make representations—knowingly or with reason to know—that certain services have benefits that they do not, in fact, have; (2) offer services when they lack the intent to sell them; or (3) falsely state—knowingly or with reason to know—"that a consumer transaction involves consumer rights, remedies, or obligations." *Id.* §§ 50-626(b)(1)(A); (b)(5); (b)(8).[1] Deceptive acts and practices include: "the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact"; and "the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact." *Id.* §§ 50-626(b)(2); (b)(3).

Plaintiff has pleaded allegations that adequately track the statutory language. Plaintiff alleges that defendant willfully misrepresented material facts. Defendant misrepresented that plaintiff was in foreclosure after missing two payments. Defendant also indicated that the only way to get out of foreclosure was to (successfully) apply for a loan modification. These misrepresentations caused plaintiff to apply for modification and update her information at least thirteen times over twenty-one months. Plaintiff alleges that she relied on defendant's misleading suggestions about her likelihood of obtaining a loan modification. But, according to plaintiff, defendant had no intention of modifying her loan.

Defendant contends that plaintiff must plead her claims with particularity because they sound in fraud. *See Haag v. Dry Basement, Inc.*, 732 P.2d 392, 393 (Kan. Ct. App. 1987); *Burton v. R.J. Reynolds Tobacco Co.*, 884 F. Supp. 1515, 1524 (D. Kan. 1995) ("[T]he policy reasons for requiring fraud actions to be pled with particularity would apply equally to actions brought under the KCPA."). The key difference is that the KCPA does not include an "intent to defraud" requirement. *Willman v.*

---

[1] This list is not exclusive, and neither is the list that follows, which addresses methods for making deceptive representations.

*Ewen*, 634 P.2d 1061, 1065 (Kan. 1981) ("[P]rior knowledge or intent to violate the [KCPA] is not a requirement and that there may be liability even though the deception or unconscionable practice was performed innocently and without the intent to injure the consumer."); *Haag*, 732 P.2d at 393.  And ultimately, a plaintiff may prove a KCPA claim by a preponderance of the evidence; clear and convincing evidence is not required.  *Ray v. Ponca/Universal Holdings, Inc.*, 913 P.2d 209, 212 (Kan. Ct. App. 1995).

The court concludes that plaintiff's claims need not be pleaded with particularity.  True, they sound in fraud.  But there are other key differences between plaintiff's KCPA claims and fraud claims that justify a lower pleading standard here.  Plaintiff has adequately alleged that defendant violated the KCPA by engaging in deceptive acts or practices.

### 2. *Unconscionable Acts and Practices*

Plaintiff may also show a KCPA violation through unconscionable acts or practices.  The KCPA does not define unconscionability, but this court is guided by a number of factors that suggest unconscionability.  First, the statute itself sets forth examples of unconscionable acts:

> (1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor;
> (2) when the consumer transaction was entered into, the price grossly exceeded the price at which similar property or services were readily obtainable in similar transactions by similar consumers;
> (3) the consumer was unable to receive a material benefit from the subject of the transaction;
> (4) when the consumer transaction was entered into, there was no reasonable probability of payment of the obligation in full by the consumer;
> (5) the transaction the supplier induced the consumer to enter into was excessively onesided in favor of the supplier;
> (6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment; and
> (7) except as provided by K.S.A. 50-639, and amendments thereto, the supplier excluded, modified or otherwise attempted to limit either the implied warranties of merchantability and fitness for a particular purpose or any remedy provided by law for a breach of those warranties.

Kan. Stat. Ann. § 50-627(b). In addition, the Kansas Supreme Court has identified ten factors to consider when evaluating unconscionability:

> (1) The use of printed form or boilerplate contracts drawn skillfully by the party in the strongest economic position, which establish industry wide standards offered on a take it or leave it basis to the party in a weaker economic position [citations omitted]; (2) a significant cost-price disparity or excessive price; (3) a denial of basic rights and remedies to a buyer of consumer goods [citation omitted]; (4) the inclusion of penalty clauses; (5) the circumstances surrounding the execution of the contract, including its commercial setting, its purpose and actual effect [citation omitted]; (6) the hiding of clauses which are disadvantageous to one party in a mass of fine print trivia or in places which are inconspicuous to the party signing the contract [citation omitted]; (7) phrasing clauses in language that is incomprehensible to a layman or that divert his attention from the problems raised by them or the rights given up through them; (8) an overall imbalance in the obligations and rights imposed by the bargain; (9) exploitation of the underprivileged, unsophisticated, uneducated and the illiterate [citation omitted]; and (10) inequality of bargaining or economic power.

*State ex. rel. Stovall v. DVM Enters., Inc.*, 62 P.3d 653, 658 (Kan. 2003) (citation omitted).

Many of these factors and examples do not apply directly in this case. But a key concern with unconscionability claims is an imbalance of power and an abuse of that imbalance. *See Louisburg Bldg. & Dev. Co. v. Albright*, 252 P.3d 597, 625 (Kan. Ct. App. 2011) (identifying the "traditional hallmarks of unconscionability" as "deceptive conduct coupled with an imbalance of power between the parties"). Plaintiff's allegations center on this imbalance. (*See generally* Doc. 1-1 at 1–12 (discussing defendant's multiple notices of sale relating to plaintiff's home and plaintiff's repeated calls to defendant—resulting in plaintiff being required to send additional paperwork).) And plaintiff also alleges that defendant made misleading statements on which she relied to her detriment. *See* Kan. Stat. Ann. § 50-627(b)(6). She claims that defendant told her that she was in foreclosure when she was not. And repeatedly, defendant required unnecessary paperwork from her—suggesting that she had a chance at modification, but in reality dragging out the process and costing plaintiff fees and interest.

Exhausted with the process, plaintiff finally filed for bankruptcy.  These are adequate allegations of detrimental reliance.

Additionally, plaintiff alleges that she failed to receive a material benefit from the transaction. *See* Kan. Stat. Ann. § 50-627(b)(2).  According to plaintiff, defendant's actions delayed resolution of plaintiff's loan modification; required her to repeatedly submit information; caused her to file for bankruptcy; and—in the end—left plaintiff worse-off than if she had never applied for a modification.

Defendant counters that plaintiff received a benefit of living in her home while making no mortgage payments.  But this overlooks plaintiff's allegations of (1) incurring fees and interest; (2) spending significant time and effort contacting defendant and updating information; (3) enduring stress and anxiety; and (4) filing for bankruptcy and damaging her credit report.  These allegations are sufficient to state a claim for unconscionability under the KCPA.

The court denies defendant relief based on the adequacy of plaintiff's allegations.

**C.    Are the allegations relating to one transaction or multiple incidents?**

Third, defendant maintains that all allegedly deceptive or unconscionable actions relate to one single transaction.  According to defendant, therefore, plaintiff cannot seek recovery for each of defendant's individual actions.  The court disagrees.

The KCPA itself contemplates that it will apply to each individual violation; it provides for a $10,000 award for "each violation." Kan. Stat. Ann. § 50-636(a).  And Kansas courts have read the statute to apply to all violations "before, during, or after the transaction." *Id.* § 50-627(a); *see, e.g.*, *Miller v. Midwest Serv. Bureau of Topeka, Inc.*, 623 P.2d 1343, 1345 (Kan. 1981); *see also Schneider*, 2014 WL 219339, at *8.  The court finds it appropriate to count each violation individually.  This portion of defendant's motion is denied.

### D. Does the statute of limitations bar any of plaintiff's claims?

Finally, defendant states that if the court counts each of defendant's actions as an independent claim, many of those claims are barred by the three-year statute of limitations. *See Alexander v. Certified Master Builders Corp.*, 1 P.3d 899, 906 (Kan. 2000). The statute begins to run at the time of the transaction(s) that is/are the subject of the plaintiff's claim. *Four Seasons Apartments, LTD v. AAA Glass Serv., Inc.*, 152 P.3d 101, 105 (Kan. Ct. App. 2007).

Plaintiff does not challenge the contention that the statute of limitations—if it applies—would bar some of her claims. What plaintiff argues is that defendant waived the right to complain about the staleness of the claims because defendant failed to assert the statute of limitations as a defense in its answer.

The statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). It can be waived if not asserted in an answer or pre-answer motion. *Expertise Inc. v. Aetna Fin. Co.*, 810 F.2d 968, 973 (10th Cir. 1987) (citing Fed. R. Civ. P. 8(c)). But there are exceptions to this general waiver rule. In the absence of prejudice, the court may still consider a belatedly-raised statute of limitations defense. *See Ring v. Lexington Apartments & Motor Inns-Okla.*, 3 F. App'x 847, 851 (10th Cir. 2001) (citation omitted); *see also Ramada Franchise Sys., Inc. v. Tresprop, Ltd.*, 75 F. Supp. 2d 1205, 1213–14 (D. Kan. 1999) ("In general, the only defenses that are irrevocably waived by answering an original complaint are those that involve[ ] the core issue of a party's willingness to submit a dispute to judicial resolution, such as defenses related to personal jurisdiction, venue, process and service." (citations and internal quotation marks omitted)); *Gaston v. Ploeger*, No. 04-2368-DJW, 2008 WL 169814, at *6 (D. Kan. Jan. 17, 2008) (noting that a previously-unasserted statute of limitations defense can be raised if preserved in the pretrial order (citing *Expertise Inc.*, 810 F.2d at 973).

The court grants defendant's motion on this one limited issue. Here, plaintiff has not established prejudice. The legal action has not progressed far. The case is in early discovery, and defendant reserved the right to raise additional defenses in its answer. The court finds that it is in the interest of justice to allow defendant to now assert the statute of limitations defense. Plaintiff may not recover for actions taken by defendant before August 2, 2010.

### III.    Conclusion

For the above-stated reasons, the court declines to dismiss plaintiff's claims. But those claims that accrued more than three years before this case was filed are barred by the statute of limitations and may not be asserted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 9) is denied in part and granted in part.

Dated this 7th day of July 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**