### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SHELLI F. ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-1333-CM-TJJ |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

In this removed Kansas Consumer Protection Act[1] case, Plaintiff alleges that Defendant

advised her to default on her mortgage before Defendant could consider a loan modification.

When she applied for a loan modification after defaulting, Plaintiff alleges that Defendant

engaged in an intentional and deceptive scheme to delay review of Plaintiff's modification

application and repeatedly misrepresented to Plaintiff that it had not received required

documentation for the loan modification.

This matter is presently before the Court on Plaintiff's Motion to Compel Defendant's

Required Initial Disclosures (EF No. 20) and Plaintiff's Motion to Compel Defendant's

Supplemental Disclosures (ECF No. 34).  Plaintiff requests that the Court compel Defendant to

supplement its initial disclosures, claiming that the information provided by Defendant does not

satisfy the requirements of Fed. R. Civ. P. 26(a)(l)(A)(i) mandating that Defendant identify

specific individuals it may use to support its claims or defenses.  As set forth below, the Court

---

[1] K.S.A. 50-623 *et seq*.

grants Plaintiff's Motion to Compel Defendant's Supplemental Disclosures and finds her

previously filed Motion to Compel Defendant's Required Initial Disclosures to be moot.

## I.      Relevant Facts

Plaintiff filed her original Petition in the District Court of Sedgwick County, Kansas on

August 2, 2013.  Defendant thereafter removed the case to this Court on September 9, 2013.

The parties exchanged their Rule 26(a)(1) initial disclosures on December 13, 2013. In its

Initial Disclosures, Defendant identified its "Custodian of Records and corporate

representative(s)" as individuals likely to have discoverable information that it may use to

support its claims and defenses. [2] It also listed Plaintiff and "all individuals designated by

Plaintiff in her initial disclosures under Fed. R. Civ. P. 26."[3]  In her initial disclosures, Plaintiff

identified herself, Defendant's attorney of record in the foreclosure action, and fourteen of

"Defendant's known employees who interacted with Plaintiff."[4]  Plaintiff identified seven of the

employees by both first and last name, while she identified the other seven employees by first

name only.

The Court held a scheduling conference on December 20, 2013, at which it set a July 31,

2014 deadline for the completion of all discovery, as well as a deadline for the supplementation

---

[2] Def.'s Initial Disclosures (ECF No. 20-1).

[3] *Id.*

[4] Pl.'s Initial Disclosures (ECF No. 20-2).

of disclosures of 40 days before the discovery deadline.[5]  At the scheduling conference, Plaintiff

claimed that Defendant's Initial Disclosures did not comply with Rule 26(a)(1)(A).  The

Magistrate Judge assigned to the case at that time agreed with Plaintiff and indicated that

Defendant's disclosures appeared deficient.  A couple of hours after the scheduling conference,

Plaintiff's counsel emailed defense counsel, inquiring about possible incomplete documents

provided with Defendant's initial disclosures.  Defense counsel responded that she would check

with her client.

> On February 4, 2014, Plaintiff's counsel followed up on her December 20 email:
>
> I'm simply following up on my December 20th email as we've never heard back
> from you. By chance have you received any more information to send our way?
> Additionally, in the process of reviewing the initial disclosures provided thus far
> we discovered there is other information still missing. If necessary, we'll be
> sending a more formal letter with our detailed request in the future. Please feel
> free to call me to discuss.[6]

---

[5] Paragraph 2.a. of the Scheduling Order (ECF No. 8) provides that:

Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times
and under such circumstances as required by that rule. In addition, such supplemental disclosures
must be served in any event 40 days before the deadline for completion of all discovery. The
supplemental disclosures served 40 days before the deadline for completion of all discovery must
identify all witnesses and exhibits that probably or even might be used at trial. The opposing
party and counsel should be placed in a realistic position to make judgments about whether to
take a particular deposition or pursue follow-up "written" discovery before the time allowed for
discovery expires. Should anything be included in the final disclosures under Fed. R. Civ. P.
26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule
26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any
testimony under Fed. R. Civ. P. 37(c)(1).

[6] ECF No. 20-3.

On February 28, 2014, Plaintiff's counsel sent a letter to Defendant's counsel as a reminder that Defendant had failed to provide the information required by Rule 26(a)(1) and that Plaintiff was unable to make an informed settlement offer without the information.

On March 18, 2014, Plaintiff's counsel sent another letter to Defendant's counsel regarding Defendant's Initial Disclosures. In the letter, Plaintiff's counsel stated:

> Pursuant to Fed. R. Civ. P. 26(a)(1) and the Court's Order, Defendant's initial disclosures were due in December 2013. To date, Defendant has failed to adequately provide the information required. To our knowledge, the specific information Defendant needs to provide is explained below. The initial disclosures are now long past due and are holding up our ability to move this case forward.
>
> This letter serves as our formal attempt to confer regarding the deficiencies in Defendant's initial disclosures. We have attempted to confer with you by email to no avail. We intend on arranging a telephone conference with the Court and filing a Motion to Compel if we do not receive complete and proper responses by March 25, 2014. Please advise your client that we will seek attorney fees if we have to proceed in this manner.[7]

On April 8, 2014, Plaintiff's counsel left Defendant's counsel a voicemail, followed by an email stating she hoped to get the Initial Disclosures issue resolved in the next 24 hours.[8]

Plaintiff's counsel contacted Defendant's counsel by telephone on April 9, 2014, regarding Plaintiff's request for complete initial disclosures. Plaintiff's counsel indicated that she would wait until April 14, 2014 for a complete response from Defendant, and if she did not receive one, she would request the Court's involvement.

---

[7] ECF No. 20-5.

[8] ECF No. 20-6.

On April 17 and 23, 2014, Plaintiff's counsel emailed Defendant's counsel following up on Plaintiff's request for initial disclosures and inquiring about arranging a telephone conference with the Court.[9]

On May 20, 2014, Plaintiff filed a Motion to Compel Defendant's Required Initial Disclosures (ECF No. 20).

On May 22, 2014, Defendant's counsel sent a letter to Plaintiff's counsel stating that "[p]rior to the filing of your motion to compel with respect to the alleged deficiencies in the Initial Disclosures provided by [Defendant] in December, I was in the process of finalizing this response to your letters and supplementing certain information in [Defendant's] disclosures."[10] In the letter, Defendant contended that it had complied with its obligations under Rule 26(a)(1), but would provide more information about its current or former employees named in Plaintiff's initial disclosures.  It then provided additional information for those employees.

On June 3, 2014, Defendant filed its response in opposition to Plaintiff's motion to compel initial disclosures, claiming that its initial disclosures complied with Rule 26(a)(1)(A).  It also argued that the motion was untimely under D. Kan. Rule 37.2 because it was not filed within 30 days of service of its Initial Disclosures, served on December 13, 2013.

On July 23, 2014, Plaintiff filed an unopposed motion for an extension of time to file a motion to compel with respect to Defendant's Supplemental Initial Disclosures. Plaintiff's

---

[9] ECF No. 20-7.

[10] ECF No. 33 at 11.

deadline for filing a motion to compel was extended up to and including fourteen days from

Plaintiff's receipt of all documents in the possession of Defendant's counsel.

On August 11, 2014, Plaintiff filed a Motion to Compel Defendant's Supplemental

Disclosures (ECF No. 34).  In this motion, Plaintiff claimed that Defendant's supplemental

disclosures served on May 22 were still deficient because Defendant failed to satisfy its

obligation under Rule 26(a)(l)(A)(i) to name specific individuals it may use to support its claims

or defenses by merely listing the generic titles of "records custodians" and "corporate

representatives."

On August 12, 2014, twelve days after the discovery deadline expired, the parties filed a

joint motion to amend the Scheduling Order deadlines (ECF No. 35) for completion of

discovery, filing dispositive motions, and for the final pretrial conference.

On August 15, 2014, the Court held a telephone status conference on the parties' joint

motion to extend the Scheduling Order deadlines and the issues identified in Plaintiff's Motion to

Compel Defendant's Supplemental Disclosures.  After hearing from counsel, the Court advised

the parties that absent persuasive legal authority to the contrary, Defendant merely identifying

individuals generically, such as its "corporate representative," was insufficient to satisfy its

initial disclosure obligations under Rule 26(a)(1)(A)(i).[11] The Court gave Defendant until August

26, 2014 to file a response with any supplemental authority for the Court to review, and to attach

its updated Supplemental Rule 26(a) initial disclosures. The Court instructed Defendant that its

---

[11] *See* Aug. 15, 2014 Status Conference Order and Amended Scheduling Order (ECF No. 40).

updated supplemental disclosures were to identify "each individual likely to have discoverable information—along with the subjects of that information—**that [Defendant] may use to support its claims or defenses.**"[12] The Court also reminded the parties of the consequences of failing to provide information or to identify a witness as required by Rule 26(a) or (e).  In particular, the Court noted that Rule 37(c)(1) provides that a party who fails to provide the information required by Rule 26(a) is not allowed to use the witness to supply evidence on a motion, at a hearing, or at a trial. The Court also noted that one of the sanctions also available for a failure to disclose or supplement, in addition to monetary sanctions, is prohibiting "the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."[13]

On August 26, 2014, Defendant filed its Opposition to Plaintiff's Motion to Compel Supplemental Disclosures (ECF No. 42), and attached its Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) and 26(e) (ECF No. 42-1).

In an email dated August 28, 2014, Plaintiff's counsel provided the Court with Plaintiff's reply.[14]  Upon inquiry, Plaintiff's counsel advised that she would like the email to be treated as

---

[12] Fed. R. Civ. P. 26(a)(1)(A)(i) (bold added).

[13] Fed. R. Civ. P. 26(c)(1)(C).

[14] The Court's August 15, 2014 Order directed Plaintiff to advise the Court within 2 days after Defendant filed its response whether she intended to file a reply.  In the interest of efficiency, the Court considers the contents of the email message as Plaintiff's reply and has directed the Clerk's Office to file the August 28, 2014 email as a reply in support of Plaintiff's Motion to Compel Supplemental Disclosures.

Plaintiff's reply. Plaintiff contends in the email that Defendant's August 26 Supplemental Disclosures are still deficient.

## II.     Motion to Compel Defendant's Required Initial Disclosures (ECF No. 20)

The Court finds Plaintiff's Motion to Compel Defendant's Required Initial Disclosures (ECF No. 20) is now moot in light of Defendant's subsequent service of its Supplemental Disclosures and the filing of Plaintiff's Motion to Compel Defendant's Supplemental Disclosures (ECF No. 34). The Court will, however, consider Defendant's lack of responsiveness prior to the filing of the motion to compel initial disclosures, as well as its actions immediately after and up to the filing of Plaintiff's motion to compel supplemental disclosures on August 11, 2014, in its ruling herein.

## III.    Motion to Compel Defendant's Supplemental Disclosures (ECF No. 34)

Remaining pending before the Court is Plaintiff's Motion to Compel Defendant's Supplemental Disclosures (ECF No. 34).  In her motion, Plaintiff argues that Defendant should be compelled to provide the name, address, telephone number, and subject of the discoverable information for each individual likely to have discoverable information Defendant may use to support its claims and defenses, as required by Rule 26(a)(1)(A)(i).  She also argues that Defendant should be sanctioned because it failed to provide complete required initial disclosures and ignored Plaintiff's attempts to confer on the issue.

The Court has reviewed Defendant's Response (ECF No. 42) and its August 26, 2014 Supplemental Disclosures (ECF No. 42-1) along with the August 28, 2014 email from Plaintiff's counsel serving as Plaintiff's reply.  In its Supplemental Disclosures, Defendant identifies—by

name—nine individuals likely to have discoverable information that it may use to support its

claims or defenses.  Of the nine individuals identified, one is the Plaintiff, seven are current or

former employees of Defendant who may have information regarding "loss litigation efforts

relating to Plaintiff's account,"[15] and one is an assistant vice president who "may have

knowledge regarding information and business records maintained by Defendant pertaining to

the loan at issue."

Defendant argues that its initial and supplemental disclosures comply with Rule

26(a)(1)(A)(i) and Rule 26(e).  It points out that in its Initial Disclosures it identified the Plaintiff

and itself, through one or more corporate representatives and document custodians. Its Initial

Disclosures also referenced those individuals designated by Plaintiff in her initial disclosures. It

then supplemented its disclosures by providing additional information regarding the thirteen

individuals identified in Plaintiff's initial disclosures as Defendant's current or former

employees. Defendant argues that Rule 26(a)(1)(i) does not require it to identify any person who

might possibly have information that *Plaintiff* may use to support her claims or defenses, and

contains no requirement that Defendant provide contact information for individuals identified in

Plaintiff's initial disclosures as having such information.

Plaintiff argues in the August 28, 2014 email reply that Defendant's Supplemental

Disclosures are still deficient.  Specifically, she claims that Defendant needs to either (1) identify

all of its corporate representatives and records custodians who may have information to support

its claims or defenses, or (2) affirmatively state that the named assistant vice president is the only

---

[15] Def.'s Supp'l Disclosures (ECF No. 42-1).  Given the allegations in this case, the Court

one.  She also asserts that because Defendant included "all individuals designated by Plaintiff" in

its Initial Disclosures, Defendant is obligated under the Court's August 15, 2014 Order to

provide the last known address for each of its former employees identified in Plaintiff's initial

disclosures.  Finally, Plaintiff argues that Defendant should be prohibited from identifying any

additional individuals who should have been discovered as part of Defendant's initial

investigation unless it can provide good cause for its failure to identify them.

### A.    Defendant's Reference to Generic Categories or Descriptions of Witnesses in its Initial Disclosures

Defendant has not provided any controlling or persuasive legal authority for its position

that identifying individuals generically, such as its "corporate representative(s)" or "records

custodian(s)," is sufficient to satisfy its initial disclosure obligations under Rule 26(a)(1)(A)(i).

During the August 15, 2014 Status Conference, the Court invited Defendant to provide authority

to support its position.  However, the only authority cited in Defendant's Response is a 2008

District of Kansas case, *Dean v. New Werner Holding Co.*[16]  Defendant argues that the plaintiff

in that case raised similar objections to a defendant's initial disclosures in a motion to compel

seeking sanctions. The plaintiff complained that defendant's initial disclosures were incomplete

because defendant had not identified any of its employees in those disclosures. The defendant

supplemented its Rule 26(a)(1) initial disclosures, stating that it had disclosed "all information

within its knowledge, or that it may use to support its claims or defenses at this time." The court

---

construes Defendant's references to "loss litigation" to instead mean loss *mitigation*.

[16] No. 07-2534-JAR-GLR, 2008 U.S. Dist. LEXIS 49519 (D. Kan. June 26, 2008).

declined to enter an order "based upon nothing more than doubt, skepticism, speculation, and sophisticated logic, to compel a party to disclose something that no one has shown to exist" and found plaintiff's request for an award of fees and expenses to be unwarranted.

The Court finds that the *Dean* case cited by Defendant does not support its contention that using categorical descriptions such as "corporate representatives" or "records custodians" sufficiently complies with Rule 26(a)(1)(A)(i).  The defendant in the *Dean* case was not arguing that listing an unnamed records custodian or corporate representative was sufficient. Rather the defendant had identified four persons in its disclosures as likely to have discoverable information: the plaintiff, his wife, and two police officers who responded to the scene of the incident. The plaintiff argued that such minimal disclosures were insufficient because they did not include any employees of the defendant or the company which designed, manufactured, marketed and distributed the products at issue. The Court does not read the *Dean* opinion to support Defendant's position that categorically listing "records custodians" or "corporate representatives" adequately satisfies its disclosure obligations under Rule 26(a)(1)(A)(i).

Two cases from other Districts have found similar categorical identification of witnesses likely to have discoverable information to be insufficient initial disclosures. In *Lyon v. Banks Life and Casualty Co.*,[17] the defendant served its initial disclosures identifying the plaintiff and the "[c]orporate representative(s) of [Defendant]." The court held that "[i]t is not a good faith response to the obligation of a party under Rule 26(a)(1)(A)(i) to simply identify those 'individuals' as corporate representatives, with no reference to the subject areas of their

---

[17] No. 09-5070-JLV, 2011 WL 124629, at *6 (D.S.D. Jan. 14, 2011).

testimony, and then to identify their generic address as the address of defense counsel."[18] The

*Lyon* court concluded that endorsement of such identification "would defeat the automatic

disclosure intent of [Rule 26(a)] and impair the ability of the other party to prepare appropriate

interrogatories to develop testimony of those potential witnesses."[19]

Similarly, in *Toney v. Hakala*,[20] the court granted the plaintiff's motion to compel initial

Rule 26(a) disclosures for defendants who had listed witnesses such as "Custodian of Records,"

among others. It found the defendants' initial disclosures to be partial disclosures that did not

provide the plaintiff with any names or contact information and thereby prevented the plaintiff

from conducting effective discovery.[21]

The Court agrees with the rationale of these cases finding initial disclosures generically

listing custodian of records or corporate representatives to be insufficient compliance with Rule

26(a)(1)(A)(i). The purpose of the 1993 amendments to Rule 26(a)(1) was to "accelerate the

exchange of basic information about the case and to eliminate the paper work involved in

requesting such information."[22] Defendant's use of generic categories of unnamed individuals

could apply to many individuals within its company and does not advance the goal of

exchanging basic discoverable information about individuals likely to have discoverable

---

[18] *Id.*

[19] *Id.*

[20] No. 4:10-CV-2056-JAR, 2012 WL 1554911, at *1 (E.D. Mo. Apr. 30, 2012).

[21] *Id.*

[22] Fed. R. Civ. P. 26(a) advisory committee's note (1993 Am.).

information Defendant may use to support its claims or defenses. It also impedes the goal of eliminating the need for serving and responding to separate written discovery requests to obtain this information. Because Defendant's initial disclosures failed to provide Plaintiff with "the name and, if known, the address and telephone number"[23] of individuals likely to have discoverable information Defendant may use in defending this case, Plaintiff has been forced to engage in lengthy, significant, and time consuming demands for this information and, ultimately, motion practice to obtain the basic information contemplated under Rule 26(a)(1). Accordingly, the Court finds that Defendant's mere identification of individuals not by name but by a generic label that could apply to a number of its employees, such as Defendant's "corporate representative" or "records custodian," is not sufficient to satisfy its initial disclosure obligations under Rule 26(a)(1)(A)(i).

The Court notes that the original petition in this case was filed August 2, 2013, and the case removed to federal court September 9, 2013, well over a year ago.  Thus, Defendant has known or should have known of the allegations in this case and of the applicability of the Rule 26(a)(1) requirements for many months prior to the filing of Plaintiff's motion to compel initial disclosures in May 2014.  Pursuant to Rule 26(a)(1)(E), "[a] party is not excused from making its disclosures because it has not fully investigated the case . . . ."  In this case, Defendant does not argue it had insufficient time to investigate. In any event, the time line in this case indicates otherwise. Indeed, even after Judge Waxse indicated that Defendant's disclosures were inadequate at the December 20, 2013 scheduling conference, Defendant persisted in its position

---

[23] Fed. R. Civ. P. 26(a)(1)(A)(i).

of refusing to provide the name of any witnesses other than unidentified "corporate representative(s)" and "records custodians" from the time of its initial disclosures, despite multiple requests by Plaintiff, until ordered to do so by the Court in August 2014.

In its August 26, 2014 Supplemental Disclosures, Defendant provides the name of a single employee—an "assistance vice president; Mortgage Resolution Associate"—who may have knowledge regarding information and business records maintained by Defendant pertaining to the loan at issue.  Although Defendant names one corporate representative or records custodian, Plaintiff points out that it continues to argue that its original reliance on a "corporate representative" or "records custodian" disclosure is sufficient compliance with Rule 26(a)(1). Due to this inconsistency, Plaintiff requests that Defendant be ordered to either identify *all* of its corporate representatives and records custodians that may have information to support its claims or defenses, or affirmatively state that the named assistant vice president is the only one.

Here, the Court will not order Defendant to make any further supplementation of its disclosures with respect to other unnamed corporate representatives or records custodians, rather the Court will prohibit Defendant from using any witness not already listed in either its December 13, 2013 Initial Disclosures, May 22, 2014 supplemented disclosures, or August 26, 2014 Supplemental Disclosures.  During the August 15, 2014 conference, the Court expressly ordered Defendant, pursuant to Fed. R. Civ. P. 26(e)(1)(B), to supplement its disclosures by August 26, 2014, with all witnesses likely to have discoverable information who may support Defendant's claims or defenses.  It cautioned that a sanction available would be to exclude any potential witnesses not listed.  Accordingly, pursuant to the Court's order, Defendant has made

14

its final supplementation of its initial disclosures and will be limited to the individuals named in

those disclosures.  Under Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information or

identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that

information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the

failure was substantially justified or is harmless."

Defendant attempts to reserve the ability to later supplement its initial disclosures by

including the following paragraph in its Supplemental Disclosures:

> [Defendant] reserves the right to supplement, amend, or modify these disclosures
> as additional information is obtained through the course of discovery or
> otherwise. As [Defendant] continues its investigation into this matter, [Defendant]
> reserves its right to disclose additional individuals who are likely to have
> discoverable information that [Defendant] may use to support its claims or
> defenses, unless solely for impeachment or unless Plaintiff is already aware of
> those individuals and/or the right to individuals have already been identified to
> Plaintiff pursuant to other discovery (interrogatories, depositions, requests for
> production of documents, etc.).[24]

The Court finds such attempt to reserve rights contravenes the express language of Rule 37(c)(1)

prohibiting a party from using a non-disclosed witness and will not allow it. The District Court's

standard form scheduling order, and specifically Section 2.a. of the Scheduling Order (ECF No.

8) entered in this case, draws counsel's attention to the duty to make timely supplemental

disclosures under Rule 26(e).  Defendant was ordered by the Court to supplement its Rule

26(a)(1)(A) disclosures by August 26, 2014 and it did so.  Defendant is therefore prohibited from

using any witness who has not already been identified in either its December 13, 2013 Initial

Disclosures, May 22, 2014 supplemented disclosures, or August 26, 2014 Supplemental

---

[24] Def.'s Supp. Discl. (ECF No. 42-1).

15

Disclosures to supply evidence on a motion, at a hearing, or at trial, unless Defendant makes a showing that its failure to disclose such witness was substantially justified or is harmless.

> **B.      Last Known Address and Telephone Number for Defendant's Former Employee Identified in Plaintiff's Initial Disclosures**

Plaintiff also claims that Defendant is obligated under the Court's August 15, 2014 Order to provide the last known address and telephone number for each of Defendant's former employees named in Plaintiff's supplemental initial disclosures. Defendant states in its August 26, 2014 Supplemental Disclosures that it is without information regarding the "current contact information" for the four former employees listed.  Fed. R. Civ. P. 26(a)(1)(A)(i) does not require Defendant to provide the *last known* address and telephone number of former employees named in its initial disclosures, the Rule only requires address and telephone numbers to be provided "if known."  Plaintiff specifically requested the last known contact information of Defendant's former employees identified in the initial disclosures at the August 15 status conference, and the Court thereafter ordered Defendant to provide the *last known* address and telephone number of its former employees named in its Supplemental Disclosures. Defendant's statement that it is without *current* contact information for these former employees does not comply with the Court's Order.  To the extent that Defendant has a last known address and telephone number for these four former employees, it shall provide this information to Plaintiff within 14 days of the date of this Order.  If Defendant does not have a last known address or telephone number, it shall advise Plaintiff that it does not have such information within 14 days of this Order.

**IV.      Request for Reasonable Expenses Related to the Motion**

Plaintiff also requests her reasonable expenses incurred by filing the motion to compel

supplemental disclosures. Under Fed. R. Civ. P. 37(a)(5)(A), if the disclosure is provided after

the motion is filed, "the court must, after giving an opportunity to be heard, require the party . . .

whose conduct necessitated the motion, . . . to pay the movant's reasonable expenses incurred in

making the motion, including attorney's fees." In this case, the Court finds that Defendant did

not provide Plaintiff with the name and contact information of each individual likely to have

discoverable information that it may use to support its claims or defenses until *after* Plaintiff

filed her first motion to compel these disclosures. Therefore, under Rule 37, the Court is

required to order payment of Plaintiff's reasonable expenses, including attorney's fees, caused by

Defendant's failure to disclose. Defendant was advised by Judge Waxse at the December 20,

2013 Scheduling Conference that its disclosures were inadequate. Over the next 5 months,

Plaintiff repeatedly emailed, called, and wrote letters in an attempt to get this information from

Defendant. Only after Plaintiff filed a motion to compel did Defendant supplement its initial

disclosures by providing information about its current and former employees who were listed in

Plaintiff's own initial disclosures. Despite repeated demands from Plaintiff's counsel, its clear

duty to supplement disclosures, and the filing of two motions to compel, Defendant staunchly

adhered to its refusal to identify any specific corporate representative, without any legal authority

for its position, until ordered to do so by the Court.

Because Plaintiff requested her reasonable expenses in her motion to compel, Defendant

has been given an opportunity to be heard on the issue of expenses. The Court will therefore

order Plaintiff's counsel to file, on or before **October 10, 2014**, an affidavit itemizing the

reasonable expenses, including attorney's fees, Plaintiff incurred in making the Motion to Compel Defendant's Supplemental Disclosures (ECF No. 34). Defendant shall have until **October 24, 2014**, to file a response to the affidavit.  The Court will then issue a second order, specifying the amount and time of payment.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel Defendant's Required Initial Disclosures (ECF No. 20) is moot by virtue of Defendant's subsequent service of its Supplemental Disclosures and the filing of Plaintiff's subsequent Motion to Compel Defendant's Supplemental Disclosures.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Compel Defendant's Supplemental Disclosures (ECF No. 34) is GRANTED.  Pursuant to Fed. R. Civ. P. 37(c)(1), Defendant is hereby prohibited from using any witness who is not already listed in either its December 13, 2013 Initial Disclosures, May 22, 2014 supplemented disclosures, or August 26, 2014 Supplemental Disclosures to supply evidence on a motion, at a hearing, or at  trial, unless Defendant makes a showing that its failure to disclose such witness was substantially justified or is harmless. To the extent that Defendant has a last known address and telephone number for the former employees listed in its Supplemental Disclosures, it shall provide this information to Plaintiff **within 14 days of the date of this Order** or advise Plaintiff that it does not have such information.

**IT IS FURTHER ORDERED THAT** on or before **October 10, 2014**, Plaintiff shall file an affidavit itemizing the reasonable expenses, including attorneys' fees, Plaintiff incurred in making the Motion to Compel Defendant's Supplemental Disclosures (ECF No. 34).  Defendant

18

shall have until **October 24, 2014**, to file a response to the affidavit.  The Court will then issue a

second order, specifying the amount and time of payment

      IT IS SO ORDERED.

      Dated in Kansas City, Kansas, on this 19th day of September 2014.


                                                *s/ Teresa J. James*
                                              Teresa J. James
                                                United States Magistrate Judge