## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SHELLI F. ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-1333-CM-TJJ |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Application for Attorneys' Fees (ECF No.

51). Plaintiff requests that the Court award her $27,457.50 in total attorneys' fees related to

her motions to compel production of Defendant's initial and supplemental disclosures. Defendant

opposes the application, claiming that the amount of attorneys' fees requested by Plaintiff is

excessive, unreasonable, and exceeds the scope of the Court's order granting Plaintiff's request

for her reasonable expenses.

By Memorandum and Order dated September 19, 2014 (ECF No. 47), the Court granted

Plaintiff's Motion to Compel Defendant's Supplemental Disclosures.[1] As part of its ruling, the

Court granted Plaintiff's request for her attorneys' fees and expenses under Fed. R. Civ. P.

37(a)(5)(A) that she incurred in bringing the motion to compel supplemental disclosures and

---

[1] The Court found Plaintiff's motion to compel Defendant's Rule 26(a) initial disclosures to be
moot by virtue of Defendant's subsequent service of its supplemental disclosures and the filing of
Plaintiff's subsequent motion to compel supplemental disclosures.

instructed Plaintiff's counsel to submit an affidavit itemizing the reasonable expenses.  In

response, Plaintiff filed the instant Application for Attorneys' Fees with a supporting affidavit

and billing statement.  Defendant filed its Opposition (ECF No. 54) to the application, objecting

to Plaintiff's requested attorneys' fees on a number of grounds.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel

discovery is granted or the disclosure or requested discovery is provided after the motion is filed,

"the court must, after giving an opportunity to be heard, require the party . . . whose conduct

necessitated the motion, . . . to pay the movant's reasonable expenses incurred in making the

motion, including attorney's fees."   The court, however, must not order payment of reasonable

expenses in certain circumstances, such as where the movant fails to confer before filing the

motion, the opposing party's nondisclosure, response, or objection was substantially justified, or

an award of expenses would be unjust.[2] In its September 19 Order, the Court found that

Defendant did not provide Plaintiff with the name and contact information of each individual

likely to have discoverable information that it may use to support its claims or defenses until

*after* Plaintiff filed her first motion to compel these disclosures. The Court concluded that

therefore, under Rule 37, it was required to order payment of Plaintiff's reasonable expenses,

including attorney's fees, caused by Defendant's failure to disclose. The Court therefore

proceeds directly to the determination of whether the amount of expenses, including attorneys'

fees requested by Plaintiff, is reasonable.

---

[2] Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

Reasonable attorneys' fees under Rule 37(a)(5) are typically calculated using the lodestar methodology, which requires the court to multiply the hours counsel for the party seeking attorneys' fees reasonably spent on the discovery motion by a reasonable hourly rate.[3]  The applicant bears the burden of proving that it is entitled to an award and of documenting the appropriate hours expended and hourly rates.[4] Once the applicant has met its burden, the lodestar amount is presumed to be a reasonable fee.[5]

## I.      Reasonable Hourly Rate

"The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time."[6] Reasonable fees "are to be calculated according

---

[3] *Kayhill v. Unified Gov't of Wyandotte Cnty./Kan. City, Kan.*, 197 F.R.D. 454, 459 (D. Kan. 2000) (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995)).  *See also Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.*, No. 09-2656-KHV, 2010 WL 4942110, at \*4 (D. Kan. Nov. 30, 2010) (using "lodestar" method to determine reasonable attorney's fee under Fed. R. Civ. P. 37(a)(5)(C)); *Starlight Int'l, Inc. v. Herlihy*, 190 F.R.D. 587, 590 (D. Kan. 1999) (finding factors in awarding reasonable fees in a civil rights case brought under 42 U.S.C. § 1988 are generally equally applicable in the context of awarding reasonable fees as a sanction).

[4] *Southern Star Cent. Gas Pipeline, Inc. v. Cline*, No. 10–CV–2233 JAR/DJW, 2014 WL 186036, at \*2 (D. Kan. Jan. 15, 2014) (citing *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249–50 (10th Cir. 1998)).

[5] *Id.* (citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)).

[6] *Case*, 157 F.3d at 1256.

3

to the prevailing market rates in the relevant community."[7] "The relevant community is the place

of trial."[8]

> [T]he burden is on the fee applicant to produce satisfactory evidence—in addition
> to the attorney's own affidavits—that the requested rates are in line with those
> prevailing in the community for similar services by lawyers of reasonably
> comparable skill, experience, and reputation. A rate determined in this way is
> normally deemed to be reasonable, and is referred to—for convenience—as the
> prevailing market rate.[9]

"Only if the district court does not have before it adequate evidence of prevailing market rates

may the court, in its discretion, use other relevant factors, including its own knowledge, to

establish the rate."[10]

Plaintiff offers the Affidavit (ECF No. 51-1) of one of her attorneys, Michelle L.

Brenwald, in support of the reasonableness of the billing rates of her counsel. In her

Application, Plaintiff seeks attorneys' fees calculated based upon an hourly rate of $300 for the

following three partners who billed for work related to the motions to compel initial and

supplemental disclosures: Ms. Brenwald, Mr. McElgunn, and Mr. Shadid. Plaintiff seeks

attorneys' fees for the one associate, Ms. Kusiak, who billed for this work at a $225 per hour

rate. Ms. Brenwald states in her Affidavit that these rates are comparable to the hourly rates

---

[7] *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

[8] *Starlight*, 190 F.R.D. at 592.

[9] *Blum*, 465 U.S. at 895 n.11.

[10] *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998) (quoting *Case*, 157 F.3d at 1257)).

charged by other attorneys in the Wichita areas with similar skills and experience.  Defendant

makes no argument with respect to the reasonableness of the Wichita area attorney billing rates.

Although Plaintiff only offers her own attorney's affidavit, Defendant does not object to

the hourly rates used in calculating the amount of attorneys' fees requested.  Based upon the

Court's own knowledge and a relatively recent case on prevailing attorney billing rates in

Wichita, the Court finds that Plaintiff's requested partner hourly rate of $300, as well as

associate hourly rate of $225, are in line with the prevailing market rates for attorneys of their

experience for similar types of litigation in Wichita, Kansas.[11]

## II.      Reasonable Hours Expended

The next step in the lodestar calculation is to determine the number of hours counsel

reasonably expended in making the discovery motion.  The burden is on the applicant to prove

that the hours billed are reasonable "by submitting meticulous, contemporaneous time records

that reveal, for each lawyer for whom fees are sought, all hours for which compensation is

requested and how those hours were allotted to specific tasks."[12] An attorney may not bill to

opposing counsel for fees it would not be able to bill to its client.[13] The court must also analyze

whether the applicant has exercised "billing judgment," and may reduce the number of hours

---

[11] *See Paradigm Alliance, Inc. v. Celeritas Techs., LLC*, No. 07-1121-EFM, 2011 WL 251452, at
*5 (D. Kan. Jan. 25, 2011) (finding the prevailing rate in the Wichita community, at the time of that case,
for a senior partner was $300 per hour; for other partners is $200 to $250 per hour; and for associates was
$120 to $175 per hour).

[12] *Case*, 157 F.3d at 1250.

[13] *Id.*

devoted to specific tasks if the number of hours claimed by counsel includes hours that were

"unnecessary, irrelevant, and duplicative."[14] When performing such an adjustment, the court

need not identify and justify each disallowed hour but need only articulate reasons for a general

reduction of hours needed to arrive at a reasonable number of hours.[15]

The Court has reviewed Plaintiff's Application and supporting exhibits and has taken into

consideration the various factors set forth in Rule 1.5(a) of the Model Rules of Professional

Conduct, as adopted by the Kansas Supreme Court, which are to be used in determining the

reasonableness of a lawyer's fee.  The Court has also considered the arguments raised in

Defendant's opposition to the application for attorneys' fees.

Defendant argues that Plaintiff is seeking to recover for all of the time her attorneys spent

since the inception of the case in any way related to the initial disclosures, as well as time spent

on discovery generally and other pretrial matters.  It argues that the Court's September 19, 2014

order limited the reasonable expenses to those incurred by Plaintiff in making her motion to

compel supplemental disclosures.

Defendant is correct that the Court's September 19 Memorandum and Order only granted

reasonable attorneys' fees and expenses incurred by Plaintiff in making its motion to compel

Defendant's *supplemental* disclosures. However, as Defendant notes, Plaintiff's Application

seeks to recover attorneys' fees incurred long before Defendant served its supplemental

disclosures and Plaintiff advised Defendant that she found the disclosures to be deficient.  The

---

[14] *Id.*; *Carter v. Sedgwick Cnty., Kan.,* 36 F.3d 952, 956 (10th Cir. 1994).

[15] *Id.*

Court notes that the first time entry in the billing records submitted by Plaintiff that references work on the supplemental disclosures is the July 16, 2014 entry. The Court also notes, though, that some of the work by Plaintiffs' counsel prior to that date would necessarily have been useful and pertinent to their efforts with regard to the supplemental disclosures. Because of Defendant's lack of cooperation and unresponsiveness over a long period of time, some of the due diligence, investigation, and demands Plaintiff's counsel put forth with respect to the initial disclosures also clearly supported the motion to compel the supplemental disclosures. The Court finds, therefore, that a portion of the attorneys' fees claimed prior to the July 16, 2014 entry were reasonably incurred and relevant to the supplemental disclosures, and the Court determines that one-third of the attorneys' fees claimed prior to the July 16, 2014 entry is a legitimate and reasonable amount for Plaintiff to recover from Defendant for that period.

Defendant also argues that many of the billing entries for Plaintiff's counsel reflect time spent re-writing and revising drafts, legal research on a variety of discovery-related issues, lengthy and extensive inter-office conferences between counsel, and block time entries for time spent on general discovery activities, e.g., working on the protective order, requesting amendments to the scheduling order deadlines, and updating the client. Defendant requests that Plaintiff's requested attorneys' fees be reduced to reasonable amount based on the work directly attributable to the motion to compel supplemental disclosures.

In reviewing the hours claimed, the court must ensure that the attorneys have exercised "billing judgment," which consists of winnowing the hours actually expended down to the hours

reasonably expended.[16] "Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable."[17] In determining the reasonableness of hours spent in relation to a discovery motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing.[18]  The Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary.[19]

The Court determines that reasonable expended hours should include time spent specifically on the discovery motion itself, including research, drafting, and editing the motion, but should exclude time spent on work that would have been undertaken even if the motion had not been filed, such as reviewing the discovery produced. There are also occasions when reasonable fees may be incurred for the work of multiple attorneys on a matter. However, the Court cannot allow duplicative time for counsel to confer or for major revisions or re-writing of the motion or briefs. In this case, Ms. Kusiak devoted considerable time to pursuing appropriate disclosures from Defendant, which in many instances was followed by conferences with other counsel and revisions to briefing. The Court finds that any concerns over duplicative, possibly unreasonable fees in this case can be overcome by excluding all of Ms. Kusiak's time and related

---

[16] *Case*, 157 F.3d at 1250.

[17] *Id.*

[18] *Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013).

[19] See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

fees on and after July 16, 2014. With this adjustment, which is significant, the Court finds that

the time and fees of Mr. McElgun, Ms. Brenwald and Mr. Shadid after that date are reasonable

and should be allowed. The Court also notes that the billing statement reflects seven "no charge"

entries where Plaintiff's counsel did not charge for time spent working on the case. Once again,

the Court stresses that, but for the Defendant's intransigence, unreasonableness, and lack of

cooperation over an extended period of time, the involvement of all three of these attorneys

might not have been necessary. However, under the circumstances in this case, the fees they seek

to recover from and after July 16, 2014 are legitimate and reasonable.

Upon a close review of the descriptions contained on the billing statement for Plaintiff's

counsel, the Court finds the following charges for professional services should be included as

reasonably incurred by Plaintiff in making her motion to compel supplemental disclosures:

| Date(s) | Attorney | Hours | Amount |
|---|---|---|---|
| 12/20/2013–6/23/2014 | various | 67.3 | $5,212.50 (one-third of total) |
| 7/17/2014 | Brenwald | .5 | 150.00 |
| 8/5/2014 | McElgunn | .4 | 120.00 |
| 8/7/2014 | Brenwald | 5.0 | 1,500.00 |
| 8/7/2014 | Shadid | .6 | 180.00 |
| 8/7/2014 | McElgunn | 1.0 | 300.00 |
| 8/8/2014 | McElgunn | 2.0 | 600.00 |
| 8/11/2014 | Brenwald | 5.0 | 1,500.00 |

| 8/11/2014 | McElgunn | 1.0 | 300.00 |
|-----------|----------|-----|--------|
| 8/28/2014 | McElgunn | 1.3 | 390.00 |
| 8/28/2014 | Shadid | .7 | 210.00 |
| 9/19/2014 | McElgunn | 1.5 | 450.00 |
| 9/19/2014 | Brenwald | 1.5 | 450.00 |
| | | | |
| **TOTAL** | | | **$11,362.50** |

Accordingly, the Court finds that Plaintiff's Application should be granted in part and denied in part. Plaintiff has demonstrated that the above-listed attorneys' fees were incurred in bringing her motion to compel supplemental disclosures and that such expenses are reasonable and appropriate under the circumstances.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Attorneys' Fees (ECF No. 51) is granted in part and denied in part. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Plaintiff is hereby awarded her reasonable expenses, including attorneys' fees, that she incurred in making the motion to compel supplemental disclosures. The Court awards Plaintiff her reasonable expenses, including attorneys' fees, in the amount of **$11,362.50** to be paid, and a receipt or affidavit filed showing that such payment was made, within thirty (30) days of the date of this Order.

IT IS SO ORDERED.

Dated in Kansas City, Kansas, on this 21st day of November 2014.


                                            _s/ Teresa J. James_
                                            Teresa J. James
                                            United States Magistrate Judge

11